UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PETER APONTE, #325753,**

      Petitioner,

v.                                        Case No. 2:06-CV-11216-DT
                                             Honorable Victoria A. Roberts
                                             Magistrate Judge Wallace Capel, Jr.

**KENNETH MCKEE,**

      Respondent.

_____

**OPINION AND ORDER DENYING
PETITIONER'S MOTION FOR APPOINTMENT
OF COUNSEL & GRANT OF DISCOVERY**

      This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted of one count of first degree felony murder, one count of conspiracy to commit armed robbery, and three counts of felony firearm. Petitioner was sentenced to life in prison without the possibility of parole. He has now filed a joint motion requesting the appointment of counsel and the grant of discovery in this matter. For the reasons set forth below, the Court will deny both requests.

**Appointment of Counsel**

      Petitioner's request for appointment of counsel is two-fold: (1) Petitioner claims that he can only speak and write in Spanish, as he is from Puerto Rico, and therefore, he requires an advocate \who can communicate with him and the individuals/entities that will be necessary to correspond with during this habeas process; and (2) Petitioner has tried to obtain certain transcripts, reports, records and statements in his own capacity and has not been successful, therefore, Petitioner asserts

that he would more likely receive the requested materials if he had an attorney to conduct that task and to further represent his interests.

Indigent habeas petitioners have no constitutional right to a court-appointed attorney. *Murray v. Giarratano*, 492 U.S. 1 (1989); see also, *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir.1993). The court is required by rule to appoint an attorney only if an evidentiary hearing is necessary or if the interest of justice so requires. 18 U.S.C. §3006A(a)(2) (1988); Rule 8(c), Rules Governing Section 2254 Cases. In determining whether or not "the interests of justice so require" the appointment of counsel in a habeas petition, the Court must consider certain factors. Case law provides:

> In deciding whether to appoint counsel ... the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir. 1986). These factors have been held to apply to habeas corpus cases. *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987). In *Lavado*, the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (internal quotation and citations omitted).

Petitioner has raised fifteen issues for the Court's review, however, that number can be reduced to eight as follows: (1) Confrontation Clause; (2) suppression of photo and in-court identification; (3) prosecutorial misconduct; (4) wrongful admission of evidence; (5) missing portions

2

of the record; (6) ineffective assistance of counsel; (7) intentional exclusion of blacks from the jury: and (8) wrongful denial of a motion for relief from judgment.

In this case, it does not appear that Petitioner's claims are likely to have substance for two reasons: (1) the majority of Petitioner's claims seem to either be procedurally defaulted or unexhausted; and (2) the portions of the record that Petitioner claims are missing were filed with the Michigan Court of Appeals on October 16, 2002 and were filed with this Court on October 27, 2006. However, even if the Court found that Petitioner met the "substance" threshold, it remains necessary for the Court to also find the issues presented and the procedural posture of the case to be complex. *Pennsylvania v. Finley,* 481 U.S. at 557.

Although Petitioner's basis for being appointed counsel (i.e., language barrier and missing discovery) are legitimate arguments, the Court has been furnished with the transcripts from the trial and the post-trial hearing, all briefs filed in connection with Petitioner's post-trial motions, and all judicial determinations relating to these motions. Therefore, there are no relevant portions of the record missing for purposes of reviewing this habeas matter. As such, the Court can make a determination about this case based solely upon the submissions. No cross-examination or elaborate presentation of proof is necessary, thereby obviating the language barrier issue. Accordingly, Petitioner's application for the appointment of counsel is denied.

**Discovery**

Petitioner claims that he has been denied access to the following: certain trial transcripts from his trial and from the trial of one of his co-defendants, Hector Santiago; reports; records; photographic line-up sheets; polygraph test results; and various statements. Therefore, he is seeking a court order compelling the State to produce the requested documents. Habeas petitioners do not

have a right to automatic discovery. *Stanford v. Parker,* 266 F.3d 442, 460 (6th Cir. 2001). A district court has the discretion, under Rule 6 of the Rules Governing §2254Cases, 28 U.S.C. foll.§2254, to grant discovery to a habeas petitioner upon a fact specific showing of good cause. *Id.* If a petitioner can point to specific evidence that might be discovered that would support his constitutional claims, he is able to establish good cause to obtain discovery. *Marshall v. Hendricks,* 103 F.Supp.2d. 749, 760 (D.N.J. 2000); *rev'd in part on other grds,* 307 F.3d 36 (3d Cir 2002). However, without a showing of good cause and without a habeas petitioner citing to specific information of what he hopes to learn from the additional discovery, a federal court will not order discovery. *Marshall v. Hendricks,* 103 F.Supp.2d. at 763-64. A habeas petitioner's vague and conclusory allegations are insufficient to obtain additional discovery. *Payne v. Bell,* 89 F.Supp.2d 967, 970 (W.D. Tenn. 2000).

Additionally, a district court does not abuse its discretion in denying a habeas petitioner's request for discovery, when the request falls more in the category of a "fishing expedition masquerading as discovery." *Stanford v. Parker,* 266 F.3d at 460. Moreover, a district court does not abuse its discretion by denying a habeas petitioner's request for discovery, when the discovery requested by a petitioner would not have resolved any factual disputes that could entitle him to habeas relief, even if the facts were found in his favor. *Id.*

Here, Petitioner is not entitled to have copies of the discovery information that he is requesting because Petitioner is essentially requesting to "embark on a fishing expedition masked as discovery" and the discovery sought by Petitioner would not entitle him to habeas relief, even if the facts were found in his favor. *Sellers v. United States,* 316 F.Supp.2d 516, 523 (E.D. Mich. 2004)(*quoting Stanford v. Parker,* 266 F.3d at 460). Generalized statements about the possible or speculative existence of evidence does not constitute "good cause." See *Munoz v. Keane,* 777

F.Supp. 282, 287 (S.D.N.Y. 1991), *aff'd sub nom., Linares v. Senkowski,* 964 F.2d 1295 (2d Cir. 1992). Rather a petitioner must produce specific evidence that supports his claim that the requested material will yield the asserted information. *Id.* Petitioner generally alleges that he does not have access to certain information that he contends he is entitled to. As a result he is not able to conduct a proper investigation which has impeded his ability to defend himself. Therefore, Petitioner asserts that a discovery order is warranted so that his investigation can be complete. The problem is that Petitioner has failed to produce any evidence about what the requested material will show, as required for a discovery request in this case to be granted. See *Linares v. Senkowski,* 964 F.2d 1295 (2d Cir. 1992).

Accordingly, the motion for grant of discovery relative to the production of the state post-conviction pleadings, transcripts and other named discovery is denied.

For the reasons stated above, **IT IS ORDERED** that the "Petitioner's Motion Requesting the Grant of Discovery and the Appointment of Counsel" [Doc. #4, filed July 10, 2006] is **DENIED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 8, 2007

> The undersigned certifies that a copy of this document was served on the attorneys of record and pro se petitioner by electronic means or U.S. Mail on March 8, 2007.
>
> s/Carol A. Pinegar
> Deputy Clerk